1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE HANEY, | CASE NO. 1:07-cv-01104-OWW-GSA PC |
|             Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
|     v. | |
| WARDEN DERRAL G. ADAMS, et al., | (Doc. 1) |
|             Defendants. | |
| _____/ | |

### Screening Order

**I.**    **Screening Requirement**

Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also alleges claims pursuant to 42 U.S.C. §§ 1981, 1985, 1986, and 12132.

Plaintiff filed this action on July 5, 2007. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff is an inmate incarcerated at California State Prison-Corcoran, where the claims in this action arose. Plaintiff alleges numerous claims against numerous defendants. The claims are addressed in the subsections that follow in the order set forth by Plaintiff.

### A.   Claim One - Defendants Oaks and Silva

Plaintiff alleges that on December 14, 2006, he was handcuffed, removed from his cell, and beaten by Defendants Oaks and Silva. Plaintiff alleges that he was injured and still bears scars from the attack. Plaintiff alleges that the attack was retaliatory and racially motivated after he had an altercation with a Hispanic inmate.

Plaintiff's allegations are sufficient to state a claim under section 1983 for use of excessive physical force, in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992). However, Plaintiff has not alleged any facts which support a claim that he was retaliated against or discriminated against. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In this instance, there are no factual allegations supporting Plaintiff 's conclusory assertion that Defendants retaliated against him and discriminated against him. The Court will provide Plaintiff with the opportunity to amend. If Plaintiff chooses to amend these claims, he is advised of the following legal standards.

1    "Within the prison context, a viable claim of First Amendment retaliation entails five basic

2    elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because

3    of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

4    First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

5    goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

6        "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated

7    should be treated alike."  City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing

8    Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C. § 1983 for a violation

9    of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the

10   defendants acted with an intent or purpose to discriminate against the plaintiff based upon

11   membership in a protected class.'"  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)

12   (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination

13   means that a defendant acted at least in part *because of* a plaintiff's protected status."  Serrano v.

14   Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396,

15   1404 (9th Cir. 1994)) (emphasis in original).

16       **B.     Claim Two - Defendant Tait**

17       Plaintiff alleges that after he was attacked by Defendants Oaks and Silva, Defendant Tait, a

18   medical technical assistant, refused to document his visible injuries and stated that he was going to

19   say that Plaintiff refused to cooperate with his medical report.  Plaintiff alleges that Defendant Tait

20   violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth

21   Amendment.

22       The failure to document Plaintiff's injuries in the medical report does not state a claim under

23   federal law.  Plaintiff's allegations against Defendant Tait do not support a claim that Defendant

24   acted or failed to act in a manner which violated Plaintiff's federally protected rights.

25       **C.     Claim Three - Defendant Musleh**

26       Plaintiff alleges that Defendant Musleh refused to do a taped interview with Plaintiff and

27   refused to fill out an incident report.  Plaintiff alleges that Defendant conspired with Defendants

28   Oaks, Silva, and Tait to cover up the assault on Plaintiff.

The failure to Defendant Musleh to comply with prison regulations does not provide a basis upon which to impose liability under federal law.  Defendant's failure to provide Plaintiff with a taped interview or write an incident report do not give rise to any claims for relief in this action.

### D.  Claim Four - Defendants Cano, Castillo, Jone, Buckley, Camero, Streeter, and Pacheco

Plaintiff alleges that Defendants Cano, Castillo, Jone, Buckley, Camero, Streeter, and Pacheco destroy African American prisoners' grievances in order to impede access to the courts. Plaintiff alleges he was discriminated against and retaliated against, and his access to the courts was impeded.

Plaintiff has alleged no facts which support a claim that any of the aforementioned defendants discriminated against him or retaliated against him.  Further, Plaintiff has not alleged any facts supporting a claim that as a result of the handling of his appeals, he suffered an actual injury with respect to a direct criminal appeal, habeas petition, or civil rights action.  Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002); Lewis v. Casey, 518 U.S. 343, 354, 116 S.Ct. 2174 (1996).

### E.  Claim Five - Defendants Botello, Rickman, Oliver, Cano, Torres, Molles

Plaintiff alleges that Defendants Botello, Rickman, Oliver, Cano, Torres, and Molles deprived him of outdoor exercise from December 14, 2006, to March 2007.  Although the denial of outdoor exercise may support a claim for violation of the Eighth Amendment, Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995), Plaintiff has not alleged any facts supporting his claim.  Section 1983 requires some linkage between the actions or omissions of a named defendant and the deprivation complained of.  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007).  Here, there is no indication how the named defendants were involved in the deprivation of Plaintiff's rights.  Further, Plaintiff has not alleged any facts supporting his conclusory assertion that Defendants discriminated against him and retaliated against him.

### F.  Claim Six - Defendant Heing

Plaintiff alleges that Defendant Heing destroyed two of his grievances.  Plaintiff's allegation that Defendant Heing acted to discriminate against him and retaliate against him is not supported,

and Plaintiff may not pursue a claim for denial of access to the courts based on speculation that he may sustain a future injury to his ability to litigate.

### G.    Claims Seven Through Eleven - Defendants Gray, Grannis, Adams, Schwarzenegger, and Jackson

Plaintiff allegations against Defendants Gray, Grannis, Adams, Schwarzenegger, and Jackson are similar.  Plaintiff alleges that because he sent them letters and/or grievances and they failed to respond, they are liable for the violation of his rights and are part of the conspiracy.  These claims lack merit.  The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001).  Further, Plaintiff may not impose liability on these defendants simply because they hold positions of authority and he did not receive a response from them when he sent them letters or grievances.  Something more than unfounded speculation is required to support a claim that a defendant was involved in the violation of Plaintiff's rights.

### III.   Conclusion and Order

Plaintiff's complaint states a claim under section 1983 against Defendants Oaks and Silva for use of excessive force, but does not state any other claims under federal law.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  In amending his complaint, Plaintiff is advised to take note of the following additional standards and admonitions.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in brief but specific terms how each named defendant is involved.  There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of <u>respondeat superior</u>. When a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

Section 1981 prohibits racial discrimination by private actors. <u>Evans v. McKay</u>, 869 F.2d 1341, 1344 (9th Cir. 1989). The defendants in this case are state actors, and Plaintiff is precluded from asserting any section 1981 claims against them.

Plaintiff alleges claims for relief pursuant to sections 1985 and 1986. The second clause of section 1985(2) proscribes conspiracies for the purpose of impeding the due course of justice in any state, with the intent to deny equal protection of the laws, and section 1985(3) proscribes conspiracies to deny equal protection of the law or equal privileges and immunities.[1] <u>Coverdell v. Dep't. of Soc. and Health Svcs., State of Washington</u>, 834 F.2d 758, 767 (9th Cir. 1987). An allegation of racial or class-based discrimination is required to state a claim for relief under either the second clause of section 1985(2) or section 1985(3). <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1028-1030 (9th Cir. 1985). "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." <u>Cerrato v. San Francisco Cmty. Coll. Dist.</u>, 26 F.3d 968, 971 n.7 (9th Cir. 1994). Plaintiff may not pursue a claim for relief ///

---

[1] "The first clause of 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith" <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1028 n.3 (9th Cir. 1985) and is not applicable.

under section 1986 unless he has first stated a claim for relief under section 1985. <u>McCalden v. California Library Assoc.</u>, 955 F.2d 1214, 1223 (9th Cir. 1992).

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." <u>Lovell</u>, 303 F.3d at 1052. "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" <u>Roundtree v. Adams</u>, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting <u>Thomas v. Nakatani</u>, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). Individual liability is precluded under Title II of the Americans with Disabilities Act.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

///

5.     If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed.

IT IS SO ORDERED.

**Dated:**   **June 30, 2008**          _____ **/s/ Gary S. Austin** _____
                                        UNITED STATES MAGISTRATE JUDGE