# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE HANEY, | CASE NO. 1:07-cv-01104-OWW-GSA PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECUSAL OF MAGISTRATE JUDGE |
| v. | (Doc. 20) |
| WARDEN DERRAL G. ADAMS, et al., | |
| Defendants. | |

Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 30, 2008, Plaintiff filed a motion seeking the recusal of Magistrate Judge Gary S. Austin from this action.

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)). "'In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'" Id.

1

1  Plaintiff's motion seeking recusal of Judge Austin is based on Plaintiff's dissatisfaction with
2  the pace at which this case has proceeded. The motion is without merit and is HEREBY DENIED.
3
4  IT IS SO ORDERED.
5  **Dated:   July 7, 2008**                          /s/ Oliver W. Wanger
                                                    UNITED STATES DISTRICT JUDGE