# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE HANEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN DERRAL G. ADAMS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01104-OWW-GSA PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE SECOND AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 22) |

**I.      Screening Requirement**

Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 5, 2007. The Court dismissed Plaintiff's complaint with leave to amend on June 30, 2008. Plaintiff filed his amended complaint on July 16, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Plaintiff's Claims

### A.  Summary of Complaint

Plaintiff alleges that on December 14, 2006, he was handcuffed, removed from his cell, and beaten by Defendants Oaks and Silva. Plaintiff alleges that he was injured and still bears scars from the attack. Plaintiff alleges that the attack was retaliatory after he had an altercation with a Hispanic inmate.

Plaintiff alleges that he was moved to another cell after the beating by Defendants Oaks and Silva, where Defendants Botello, Rickman, Oliver, and Torres deprived him of outdoor exercise from December 15, 2006, to March 15, 2007. Plaintiff alleges that Defendants Botello, Rickman, Oliver, and Torres allowed white and Hispanic prisoners outdoor exercise, but denied outdoor exercise to African American prisoners, including Plaintiff. Plaintiff informed Defendant Sergeant Cano that Defendants Botello, Rickman, Oliver, and Torres were denying him outdoor exercise but Defendant Cano failed to take any action.

Plaintiff alleges violations of the Eighth and the Fourteenth Amendments by Defendants Oaks, Silva, Botello, Rickman, Oliver, Torres, and Cano, and seeks damages, injunctive relief, and a declaratory judgment.[1]

---

[1] Even though Plaintiff alleges thirteen causes of action, his claims arise from two events and are limited to the Eighth Amendment, and the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.

2

B. **Eighth Amendment**

    **1.** **Excessive Force**

Plaintiff alleges that he was assaulted by Defendants Oaks and Silva on December 14, 2006, in violation of the Eighth Amendment. Defendants Oaks knocked Plaintiff against a wall and steel bars, causing Plaintiff a bleeding mouth. Defendant Silva then slammed Plaintiff's face against a wall, then threw him on the ground and slammed Plaintiff's face into the floor several times. Defendant Oaks kicked and punched Plaintiff while his hands were handcuffed behind his back.

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). When a prison security measure is undertaken in response to an incident, the question of whether the measures taken inflicted unnecessary and wanton pain and suffering depends on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 6.

The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Hudson v. McMillian, 503 U.S. 1. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Moreoever, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and citations omitted). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment. Id.; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis

3

injuries)). Plaintiff alleges sufficient facts to state a claim for excessive force against Defendants Oaks and Silva.

### 2. Conditions of Confinement

Plaintiff alleges that deprivation of outdoor exercise from December 2006 to March 2007 violated the Eighth Amendment. Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). "[E]xercise has been determined to be one of the basic human necessities protected by the Eighth Amendment," LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993), and a long-term deprivation of outdoor exercise for inmates is unconstitutional, see id. at 1458 ("This circuit has determined the long-term denial of *outside* exercise is unconstitutional.") (emphasis in original). See also Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) ("There is substantial agreement among the cases in this area that some form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates."); Toussaint v. Yockey, 722 F.2d 1490, 1493 (9th Cir. 1984) (holding that the district court did not err in concluding that the denial of outdoor exercise to inmates assigned to administrative segregation for over one year raised "substantial constitutional question"). Plaintiff states an Eighth Amendment claim for the deprivation of outdoor exercise against Defendants Botello, Rickman, Oliver, Torres, and Cano.

### C. Fourteenth Amendment

#### 1. Equal Protection

Plaintiff alleges that Defendants Oaks and Silva violated the Equal Protection Clause when they assaulted Plaintiff on December 14, 2006. Plaintiff also alleges that Defendants Botello, Rickman, Oliver, Torres, and Cano violated the Fourteenth Amendment when they denied African American prisoners, including Plaintiff, outdoor exercise from December 2006 to March 2007. "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the

4

Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Plaintiff fails to allege any facts supporting an equal protection claim against Defendants Oaks and Silva. There is no indication that how Defendants Oaks and Silva discriminated against Plaintiff because of his race or other protected status. However, the allegation that Defendants Botello, Rickman, Oliver, Torres, and Cano intentionally treated African American inmates differently than white and Hispanic inmates is sufficient to state a claim against them.

### 2. Due Process

Plaintiff alleges a liberty interest in being free from the use of force, and that he was denied due process when he was denied outdoor exercise.

> To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims.

Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), cert. denied, 520 U.S. 1240 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims of excessive force and deprivation of outdoor exercise.

### D. Claim for Equitable Relief

5

In addition to damages, Plaintiff seeks an injunction prohibiting retaliation against him and mandating his release from administrative segregation, and a declaratory judgment. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).

Additionally, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no furtherthan necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. §3626(a)(1)(A). Plaintiff's claims arise from events that occurred between December 14, 2006, and March 15, 2007. The relief sought by Plaintiff would not remedy these claims, and the Court therefore lacks jurisdiction to issue the orders sought. As a result, Plaintiff's claims for injunctive relief are not cognizable.

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the

6

jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaratory judgment is unnecessary and duplicative. Therefore, this action should proceed as one for damages only.

### III.    Conclusion and Order

Plaintiff's complaint states claims under section 1983 against Defendants Oaks and Silva for use of excessive force; against Defendants Botello, Rickman, Oliver, Torres, and Cano for denial of outdoor exercise; and against Defendants Botello, Rickman, Oliver, Torres, and Cano for denial of equal protection, but does not state any other claims under federal law. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In amending his complaint, Plaintiff is advised to take note of the following additional standards and admonitions.

If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff six summonses and six USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action

reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," E.D. Cal. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File a second amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file a second amended complaint and wishes to proceed only against Defendants Oaks and Silva on the excessive force claim; against Defendants Botello, Rickman, Oliver, Torres, and Cano for denial of exercise; and against Defendants Botello, Rickman, Oliver, Torres, and Cano for denial of equal protection;

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **June 4, 2009**        /s/ **Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE

8