# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE HANEY, | CASE NO. 1:07-cv-01104-OWW-GBC (PC) |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND COMPLAINT |
| v. | |
| DARREL G. ADAMS, et al., | (Docs. 51, 52) |
| Defendants. | |

**I.     Procedural History**

Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 5, 2007. (Doc. 1). This action is proceeding on Plaintiff's first amended complaint filed on July 16, 2008, for: 1) excessive force on December 14, 2006, in violation of the Eighth Amendment by defendants J.G. Oaks and D. Silva; 2) deprivation of outdoor exercise from December 15, 2006 to March 15, 2007, in violation of the Eighth Amendment by defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano; and 3) deprivation of outdoor exercise of African-American inmates in violation of the Fourteenth Amendment equal protection clause by defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano. (Docs. 22, 28, 32).

Pending before the Court is Plaintiff's motion to amend complaint and filed the second amended complaint that is currently lodged. (Docs. 51, 52).

///

///

## II. Rule 15 Amendment

Plaintiff requests leave to file a second amended complaint to add the correctional officer E. Delanda as a defendant to Plaintiff's Eighth Amendment denial of exercise claim. (Docs. 51, 52). Under Rule 15(a) of the Federal Rules of Civil Procedure, once a responsive pleading is served, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Id.* The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)). The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint," *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986). Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir.1996).

Having reviewed Plaintiff's motion and lodged amended complaint, the Court finds that Plaintiff's motion must be denied without prejudice as futile.[1] *See AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136. In his motion, Plaintiff requests to amend the complaint as a result of discovering that officer E. Delanda is responsible for denying Plaintiff's exercise and should be added as a defendant. (Doc. 51). Upon review of Plaintiff's motion to amend and proposed second amended complaint, Plaintiff does not explain what exactly officer Delanda did or failed to do which would amount to a violation nor does Plaintiff provide any explanation to support his belief that officer E. Delanda is responsible for the denial of exercise. (Docs. 51, 52).

---

[1] Should Plaintiff's denial of exercise claim proceed after summary judgment, Plaintiff may then renew his motion to amend.

2

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Iqbal*, 129 S.Ct. at 1949; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiff's lodged second amended complaint simply states that officer E. Delanda deprived Plaintiff from all exercise from December 14, 2006 to March 27, 2007. This alone is insufficient to demonstrate how E. Delanda has personally participated in the deprivation of Plaintiff's rights and thus fails to state a claim. *See Iqbal*, 129 S.Ct. at 1949; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Moreover, even if Plaintiff plead sufficient facts to even reach the substance of his claims, there are still two requirements that must be met to show an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the deprivation must be, objectively, sufficiently serious. *Id.* (quotation marks and citation omitted). The objective component is contextual and responsive to contemporary standards of decency. Second, prison officials must have a sufficiently culpable state of mind, which for conditions-of-confinement claims is one of deliberate indifference. *Farmer*, 511 U.S. at 834 (quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837 (quotation marks omitted). Even assuming that Plaintiff's simple assertion that E. Delanda denied Plaintiff of "all" exercise for a little over three months and that was sufficient to meet the objective component, the Court finds that Plaintiff fails to meet the subjective element of his Eighth Amendment claim because he has not linked the E. Delanda to any actions or omissions suggesting deliberate indifference. *See Farmer*, 511 U.S. at 834.

///

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to amend, filed January 24, 2011, is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: August 19, 2011

UNITED STATES MAGISTRATE JUDGE