# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE HANEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARREL G. ADAMS, et al.,<br><br>　　　　Defendants.<br>　／ | CASE NO. 1:07-cv-01104-OWW-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM AS MOOT<br>(Doc. 49)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY AND RELIEVING PLAINTIFF OF OBLIGATION TO OPPOSE MOTION FOR SUMMARY JUDGMENT FOR THE LIMITED PURPOSE OF RESOLVING PENDING DISCOVERY DISPUTE<br>(Doc. 59)<br><br>ORDER ALLOWING PLAINTIFF THIRTY DAYS TO FILE MOTION TO COMPEL<br><br>THIRTY-DAY DEADLINE |

**I.　　Procedural History**

Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 5, 2007. (Doc. 1). This action is proceeding on Plaintiff's first amended complaint filed on July 16, 2008, for: 1) excessive force on December 14, 2006, in violation of the Eighth Amendment by defendants J.G. Oaks and D. Silva; 2) deprivation of outdoor exercise from December 15, 2006 to March 15, 2007, in violation of the Eighth Amendment by defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano; and 3) deprivation of outdoor exercise of African-American inmates in

1

violation of the Fourteenth Amendment equal protection clause by defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano. (Docs. 22, 28, 32).

Pending before the Court is Plaintiff's motion requesting subpoenas duces tecum, filed December 21, 2010, and Plaintiff's motion for additional discovery pursuant to Rule 56(d) filed on July 5, 2011.[1]  (Docs. 49, 59).

### II.     Plaintiff's Motion for Subpoena Duces Tecum

On November 19, 2010, Plaintiff filed a motion to compel. (Doc. 47). On December 7, 2010, Defendants requested an extension of time to send responses to Plaintiff's discovery requests. On December 21, 2010, Plaintiff filed a motion for subpoena duces tecum for the same interrogatories and admissions that were subject to the motion to compel filed November 19, 2010. (Doc. 49). On July 5, 2011, the Court granted Defendants' request for an extension of time to respond to Plaintiff's discovery requests which were the subject of Plaintiff's motion to compel filed on November 19, 2010, and Plaintiff's motion for subpoena duces tecum filed December 21, 2010. (Doc. 56). As the motion for subpoena duces tecum filed December 21, 2010, is duplicative of Plaintiff's motion to compel filed November 19, 2010, the Court denies Plaintiff's motion for subpoena duces tecum as moot. (Doc. 49). Moreover, a subpoena duces tecum is an instrument to order non-parties to provide discovery documents and since Plaintiff appropriately requests discovery documents from parties in this action, a subpoena duces tecum is inappropriate in this instance.

### III.    Rule 56(d) motion

Under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may order a continuance, among other alternatives, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Where a summary judgment motion is filed before a party has had any realistic opportunity to pursue discovery relating

---

[1] The provisions now found in subsection (d) of Rule 56 were set forth in subsection (f) prior to December 1, 2010. The court construes Plaintiff's Rule 56(f) request as made pursuant to Rule 56(d).

to its theory of the case, district courts should grant any Rule 56(d) motion fairly freely. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although [Rule 56(d)] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)); *see also Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (describing "the usual generous approach toward granting Rule 56(f) motions"). 'The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment.' *Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-30 (9th Cir. 2004) (quoting *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir.2001)). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.' *Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir.1986)).

In this instance, summary judgment was filed at the close of discovery while there were pending discovery motions that needed to be resolved in order for Plaintiff to effectively respond to the summary judgment request. Therefore, Rule 56(d) does not quite apply since Rule 56(d) pertains to a situation where summary judgment is filed before any realistic opportunity to pursue discovery relating to Plaintiff's theory of the case. As the Court denied Plaintiff's original motion to compel on July 5, 2011, because Defendants requested an extension of time to provide the materials and objections, it is only fair to grant Plaintiff's request for extra time to submit a motion to compel in response to the delayed discovery responses.

Plaintiff is granted thirty (30) days to submit a motion to compel production of documents as outlined in Plaintiff's motion for additional discovery filed on July 5, 2011. (Doc. 59). Therefore, the Court will relieve Plaintiff of the obligation to respond to Defendants' motion for summary

judgment until resolution of the pending discovery disputes as Plaintiff did timely file the underlying discovery requests and Plaintiff's Rule 56(d) motion is essentially a request for extra time to file a motion to compel production of documents. *See* Fed. Civ. P. 56(d); *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518-19 (9th Cir. 1987).

### IV.   Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for subpoena duces tecum, filed December 21, 2010, is DENIED as MOOT (Doc. 49);

2. Plaintiff's Rule 56(d) motion is GRANTED IN PART in that Plaintiff is relieved of the obligation to file an opposition to Defendants' motion for summary judgment filed June 21, 2011, until resolution of pending discovery disputes (Doc. 59); and

3. Plaintiff is allowed **thirty (30) days** from the date of service of this order to file a motion to compel production of documents that were outlined in Plaintiff's motion for additional discovery filed on July 5, 2011.

IT IS SO ORDERED.

Dated:   August 19, 2011

UNITED STATES MAGISTRATE JUDGE