1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   MONTE HANEY,                         CASE NO. 1:07-cv-01104-AWI-GBC (PC)

10                     Plaintiff,         ORDER DENYING WITH LEAVE TO
                                         AMEND PLAINTIFF'S MOTION TO COMPEL
11       v.
                                         (Doc. 71)
12   DARREL G. ADAMS, et al.,
                                         THIRTY DAY DEADLINE
13                     Defendants.
                                    /
14

15   **I.       Procedural History**

16          Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July

18   5, 2007.  Doc. 1.  This action is proceeding on Plaintiff's first amended complaint filed on July 16,

19   2008, for: 1) excessive force on December 14, 2006, in violation of the Eighth Amendment by

20   defendants J.G. Oaks and D. Silva; 2) deprivation of outdoor exercise from December 15, 2006 to

21   March 15, 2007, in violation of the Eighth Amendment by defendants R. Botello, M. Rickman, F.

22   Oliver, G. Torres, T. Cano; and 3) deprivation of outdoor exercise of African-American inmates in

23   violation of the Fourteenth Amendment equal protection clause by defendants R. Botello, M.

24   Rickman, F. Oliver, G. Torres, T. Cano.  Docs. 22, 28, 32.

25          On September 22, 2011, Plaintiff filed a motion to compel.  Doc. 71.  On September 22,

26   2011, Defendants filed an opposition.  Doc. 72.  On September 30, 2011, Plaintiff filed a reply.  Doc.

27   73.

28   ///

1    **II.    Plaintiff's Motion to Compel**

2        **A.    Legal Standard**

3        "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

4    party's claim or defense . . . .   Relevant information need not be admissible at the trial if the

5    discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.

6    Civ. P. 26(b)(1).  The responding party is obligated to respond to the interrogatories to the fullest

7    extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R.

8    Civ. P. 33(b)(4).  The responding party shall use common sense and reason.  *E.g., Collins v. Wal-*

9    *Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A

10   responding party is not generally required to conduct extensive research in order to answer an

11   interrogatory, but a reasonable effort to respond must be made.  *L.H. v. Schwarzenegger*, No. S-06-

12   2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party

13   has a duty to supplement any responses if the information sought is later obtained or the response

14   provided needs correction.  Fed. R. Civ. P. 26(e)(A).

15       If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden in his

16   motion to compel to demonstrate why the objection is not justified.  In general, Plaintiff must inform

17   the Court which discovery requests are the subject of his motion to compel, and, for each disputed

18   response, inform the Court why the information sought is relevant under Rule 26(b)(1) and why

19   Defendants' objections are not justified.

20

21   **B. Motion to Compel**

22       In this instance, Plaintiff motioned to compel the production of documents which he asserts

23   that he has served on Defendants.  Doc. 71.  In response to Plaintiff's motion to compel, Defendants

24   argue that Plaintiff has failed to meet the procedural requirements to successfully bring a motion to

25   compel.  Doc. 72.  Plaintiff's motion to compel simply describes what discovery Plaintiff asserts he

26   has requested from Defendants.

27       When bringing a motion to compel discovery responses, the moving party shall set forth each

28   discovery request and the response that is at issue.  *See* E.D. Cal. Local Rule 34-250.3(c); E.D. Cal.

2

Local Rule 36-250(c).  Plaintiff's motion is procedurally defective because it does not provide Plaintiff's requests for discovery.  Additionally, Plaintiff's motion is procedurally defective because it fails to discuss why Defendants' responses were inadequate or why Plaintiff is entitled to the requested production through showing that the information sought is relevant under Rule 26(b)(1). Without Plaintiff's arguments as to why Defendants' responses were incorrect, the Court would be forced to create arguments on behalf of the Plaintiff for his motion to compel.  Therefore Plaintiff's motion to compel, filed September 12, 2011, is thus denied.

**III.     Leave To File Amended Motion**

The preference of this Court is not to adjudicate motions for procedural defects that can be readily cured, as is the case here.  Thus, the Court will grant Plaintiff leave to amend his motion to compel filed September 12, 2011.  Plaintiff may amend his motion by submitting Defendants' responses to his second request for production of documents and discussing in detail why Defendants' objections are unfounded and why the information Plaintiff sought is relevant under Rule 26(b)(1).  If Plaintiff chooses to file an amended motion to compel, Plaintiff must due so within THIRTY (30) days of service of this order.  Defendants will then have TWENTY (20) days from the date of service of the amended motion to file an opposition.

IT IS SO ORDERED.

Dated:    November 10, 2011

UNITED STATES MAGISTRATE JUDGE