1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  MONTE L. HANEY, | CASE NO. 1:07-cv-01104-AWI-GBC PC |
| 10                  Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| | RECOMMENDING DEFENDANTS' MOTION |
| 11      v. | FOR SUMMARY JUDGMENT ON |
| | PLAINTIFF'S CLAIMS OF EXCESSIVE |
| 12  ADAMS, et al., | FORCE AND DENIAL OF EXERCISE UNDER |
| | THE EIGHTH AMENDMENT BE DENIED; |
| 13                  Defendants. | and THAT THE RULING ON PLAINTIFF'S |
| | CLAIMS UNDER THE EQUAL PROTECTION |
| 14 | CLAUSE BE RESERVED PENDING |
| | FURTHER DISCOVERY |
| 15 | |
| | (Doc. 54) |
| 16 | |
| | OBJECTIONS DUE WITHIN TEN DAYS |
| 17 _____/ | |

18

### FINDINGS and RECOMMENDATIONS

19

**I.    Procedural History**

20

    Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma

pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July

5, 2007.  (Doc. 1.)  On July 16, 2008, Plaintiff filed the First Amended Complaint ("1st AC").

(Doc. 22.)  On June 5, 2009, the 1st AC was screened pursuant to 28 U.S.C. § 1915A and found

to state cognizable claims for relief under section 1983 against Defendants J.G. Oaks and D.

Silva for excessive force; against Defendants R. Botello, M. Rickman, F. Oliver, G. Torres, and

T. Cano for denial of exercise; and against Defendants R. Botello, M. Rickman, F. Oliver, G.

Torres, and T. Cano for denial of equal protection.  (Doc. 28.)  Plaintiff was given leave to either

1

1   file a second amended complaint or notify the court that he was agreeable to proceeding only

2   with the claims found cognizable in the 1st AC.  Id.  On June 16, 2009, Plaintiff filed written

3   notice that he desired to proceed only with the cognizable claims.  (Doc. 30.)

4           On June 21, 2011, Defendants filed a motion for summary judgment.  (Doc. 54.)

5   Discovery disputes existed and Plaintiff was ultimately provided an extension to file an

6   opposition.  (Doc. 82.)  Rather than file an opposition, Plaintiff filed a motion for leave to file a

7   statement of undisputed facts, a statement of undisputed facts, and a notice of lodging records.[1]

8   (Docs. 84, 85, 86.)  Defendants neither filed an opposition/response to Plaintiff's motion for

9   leave to file the statement of undisputed facts, nor did they file any subsequent document

10  replying to it as an opposition to their motion for summary judgment.  Plaintiff's motion for

11  leave to file a statement of undisputed facts was granted.  (Doc. 87.)  Defendants were notified

12  that Plaintiff's statement of undisputed facts and lodged records would be construed as his

13  opposition to Defendants' motion and were given opportunity to file a reply.  (Id.)  Defendants

14  filed their reply.  (Doc. 88.)  Defendants' motion for summary judgment is deemed submitted.

15  L.R. 230(l).

16  **II.    Summary Judgment Standard**

17          Any party may move for summary judgment and the Court shall grant summary judgment

18  if the movant shows that there is no genuine dispute as to any material fact and the movant is

19  entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted);

20  Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position,

21  whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular

22  parts of materials in the record, including but not limited to depositions, documents, declarations,

23  or discovery; or (2) showing that the materials cited do not establish the presence or absence of a

24  genuine dispute or that the opposing party cannot produce admissible evidence to support the

25  fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).

26

27          [1] Plaintiff was provided with the requirements to oppose a motion for summary judgment on June 15, 2010.

28  (Doc. 34-1.)

1    While the Court *may* consider other materials in the record not cited to by the parties, it is

2    not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist.,

3    237 F.3d 1026, 1031 (9th Cir. 2001).  The parties bear the burden of supporting their motions

4    and oppositions with the papers they wish the Court to consider and/or by specifically

5    referencing any other portions of the record they wish the Court to consider.  Id.  The Court will

6    not undertake to mine the record for triable issues of fact.  Id.

7    As the moving party, Defendants bear the initial burden of proving the absence of a

8    genuine dispute of material fact.  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th

9    Cir. 2010) (*citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)) (quotation

10   marks omitted).  Because Plaintiff bears the burden of proof at trial, Defendant need only prove

11   that there is an absence of evidence to support Plaintiff's case.  Id. (*citing* Celotex, 477 U.S. at

12   326) (quotation marks omitted).  If Defendants meet their initial burden, the burden shifts to

13   Plaintiff to designate specific facts demonstrating the existence of genuine issues for trial.  Id.

14   (*citing* Celotex, 477 U.S. at 324).

15   In resolving Defendants' Smotion for summary judgment, all of the evidence must be

16   viewed in the light most favorable to Plaintiff as the non-moving party, Garcia v. County of

17   Merced, 639 F.3d 1206, 1208 (9th Cir. 2011); Hunt v. City of Los Angeles, 638 F.3d 703, 709

18   (9th Cir. 2011), all reasonable inferences must be drawn in his favor, LVRC Holdings LLC v.

19   Brekka, 581 F.3d 1127, 1136 (9th Cir. 2009); Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755,

20   763 (9th Cir. 2006), and his response is treated more indulgently because he is the nonmoving

21   party, Lew, 754 F.3d at 1423.  However, Plaintiff must support his opposition with admissible

22   evidence.

23   Verified pleadings and verified oppositions constitute opposing declarations so long as

24   they are based on personal knowledge and they set forth facts admissible in evidence to which

25   the declarant is competent to testify, Moran v. Selig, 447 F.3d 748, 759-60 (9th Cir. 2006); Jones

26   v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Lopez v. Smith, 203 F.3d 1122, 1132 n.14 (9th Cir.

27   2000); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); Schroeder v. McDonald,

28

1    55 F.3d 454, 460 n.11 (9th Cir. 1995); McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)

2    (per curiam); Lew, 754 F.2d at 1423, based on personal knowledge and competence to testify that

3    can be inferred from the content of the declaration(s), Barthelemy v. Air Line Pilots Ass'n, 897

4    F.2d 999, 1018 (9th Cir. 1990) (per curiam) (quotation marks omitted); also Sea-Land Service,

5    Inc. v. Lozen Intern, LLC, 285 F.3d 808, 819 (9th Cir. 2002).  Arguments or contentions set forth

6    in an unverified responding brief do not constitute evidence.  See Coverdell v. Dep't of Soc. &

7    Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence).

8    Since unverified, neither Plaintiff's statement of undisputed facts (Doc. 85), nor his notice of

9    lodging records (Doc. 86) have any evidentiary value. However, Plaintiff's 1st AC is admissible

10   since verified as are various of the documents attached as exhibits to Plaintiff's notice of lodging

11   records.  (Docs. 22, 86.)

12   **III.    The First Amended Complaint**

13          Plaintiff's allegations in the 1st AC were accepted as true, Hospital Bldg. Co. v. Rex

14   Hospital Trustees, 425 U.S. 738, 740 (1976), construed in the light most favorable to Plaintiff,

15   and all doubts were resolved in Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421

16   (1969), so as to allow Plaintiff to proceed on his claim against Defendants Oaks, Silva, Botello,

17   Rickman, Oliver, and Torres.  (Doc. 22, 28, 30.)

18          **A.    Summary of Claims**[2]

19                 **1.    Excessive Force**

20          In the 1st AC, Plaintiff alleges that he was assaulted by Defendants Oaks and Silva on

21   December 14, 2006, in violation of the Eighth Amendment.  Plaintiff alleges that, after a gassing

22   incident and while he was handcuffed and subdued, Defendant Oaks knocked him against a wall

23   and steel bars, causing his a bleeding mouth; then Defendant Silva slammed his face against a

24   wall, threw him on the ground, slammed his face into the floor several times; and while he was

25   on the floor, Defendant Oaks kicked and punched Plaintiff.  Plaintiff alleged that he was injured

26

27

28          [2] The renditions of the factual allegations from the 1st AC are presented here for overview purposes only. Undisputed and disputed material facts are discussed where applicable in the following sections.

4

1    and still bears scars from the attack.

2                    **2.     Denial of Exercise & Equal Protection**

3          Plaintiff alleged that he was moved to another cell after being beaten by Defendants Oaks

4    and Silva, where Defendants Botello, Rickman, Oliver, and Torres deprived him of outdoor

5    exercise from December 15, 2006, to March 15, 2007.  Plaintiff alleges that Defendants Botello,

6    Rickman, Oliver, and Torres allowed white and Hispanic prisoners outdoor exercise, but denied

7    outdoor exercise to African American prisoners, including Plaintiff.  Plaintiff informed

8    Defendant Sergeant Cano that Defendants Botello, Rickman, Oliver, and Torres were denying

9    him outdoor exercise but Defendant Cano failed to take any action.  Plaintiff alleged violations of

10   the Eighth and the Fourteenth Amendments by Defendants Oaks, Silva, Botello, Rickman,

11   Oliver, Torres, and Cano.

12   **IV.    Defendants' Motion for Summary Judgment**[3]

13         Defendants move for summary judgment arguing that:

14               1.       Defendants Oaks and Silva did not use excessive force;

15               2.       Defendants Botello, Rickman, Oliver, Torres, and Cano did not

16                        unreasonably deny Plaintiff access to outdoor exercise; and

17               3.       similarly situated inmates were treated equally.

18         **A.     Eighth Amendment -- Excessive Force**

19         Plaintiff, is a State prisoner in the custody of the California Department of Corrections

20   and Rehabilitation (CDCR), and at all relevant times he was housed in the Security Housing Unit

21   (SHU) at the California State Prison-Corcoran (CSPCor).  (Doc. 55, Def. Stmt. of Undisp. Facts

22   "DUF," # 1.)  Plaintiff alleges that on December 14, 2006, Defendants Oaks and Silva removed

23   him from his cell and took him to the rotunda where they assaulted him.  (Doc. 22, 1st AC, ¶¶ 34,

24   37.)  Plaintiff alleges he was knocked against a wall and hit steel bars, causing him to bleed from

25   the mouth; that his face was slammed against a wall; that he was thrown to the ground; that his

26

27          [3] From hereon, DUFs (Doc. 55) which were not brought into dispute by Plaintiff through the submission of
     admissible evidence are generally stated.  Where applicable, adequately raised, and addressing a material issue of
28   fact, Plaintiff's opposing objections, specific evidence, and argument are discussed.

1  face was slammed into the floor several times; and that he was kicked and punched while his

2  hands were handcuffed behind his back.  (Id., at ¶¶ 34-37.)

3  **1.   Legal Standard**

4          The unnecessary and wanton infliction of pain violates the Cruel and Unusual

5  Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5 (1992)

6  (citations omitted).  When a prison security measure is undertaken in response to an incident, the

7  question of whether the measures taken inflicted unnecessary and wanton pain and suffering

8  depends on "whether force was applied in a good faith effort to maintain or restore discipline or

9  maliciously and sadistically for the very purpose of causing harm."  Id. at 6.

10         The infliction of pain in the course of a prison security measure "does not amount to cruel

11  and unusual punishment simply because it may appear in retrospect that the degree of force

12  authorized or applied was unreasonable, and hence unnecessary."  Whitley v. Albers, 475 U.S.

13  312, 319 (1986); *see also* Hudson, 503 U.S. 1.  Prison administrators "should be accorded

14  wide-ranging deference in the adoption and execution of policies and practices that in their

15  judgment are needed to preserve internal order and discipline and to maintain institutional

16  security."  Whitley at 321-322 (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

17         Moreover, not "every malevolent touch by a prison guard gives rise to a federal cause of

18  action."  Hudson, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual

19  punishments necessarily excludes from constitutional recognition de minimis uses of

20  physical force, provided that the use of force is not of a sort 'repugnant to the conscience of

21  mankind.'"  Id. at 9-10 (internal quotations marks and citations omitted).  Although de minimis

22  uses of force do not violate the Constitution, the malicious and sadistic use of force to cause

23  harm always violates the Eighth Amendment.  Id.; *see also* Oliver v. Keller, 289 F.3d 623, 628

24  (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force,

25  not de minimis injuries)).  "An inmate who is gratuitously beaten by guards does not lose his

26  ability to pursue an excessive force claim merely because he has the good fortune to escape

27  without serious injury."  Wilkins v. Gaddy, ___ U.S. ___, 130 S.Ct. 1175, 1178-79 (2010).

28

1          **2.   Discussion**

2          Defendants submit evidence to show that on December 14, 2006, during the shower

3   program, Defendant Silva was assisting another officer escorting an inmate back to his assigned

4   cell (Doc. 55, DUF 2) when he observed Plaintiff throw an unknown liquid substance through

5   the side of his food port striking the other inmate (id., DUF 3).  As a result of this "gassing"

6   incident, Plaintiff was placed in restraints, removed from his cell, and placed in the rotunda while

7   his cell was searched.  (Id., DUFs 5, 6, 7.)  It was necessary to remove Plaintiff from his cell

8   while it was searched and, under the circumstances, policy required he be placed in restraints.

9   (Id., DUFs 12, 13.)  Other than placing Plaintiff in restraints, no force was used against him, none

10  of the Correctional Officers present at the time observed any excessive force as alleged by

11  Plaintiff, and the amount of physical force used was minimal and was no more than policy

12  permitted to control Plaintiff for the purposes of maintaining order and restoring discipline.  (Id.,

13  DUFs 14, 15, 17.)

14         Defendants submit evidence to further show that Plaintiff did not complain about the use

15  of excessive force and he did not complain of or suffer any observable injury during or after he

16  was removed from his cell.  (Id., DUFs 16, 18.)  Plaintiff did not complain of pain or injury at

17  any time on December 14, 2006 and none of the officers present observed any injuries to

18  Plaintiff's person, nor did they notice him to be in pain or bleeding.  (Id., DUFs 19, 20.)  Even

19  though Plaintiff refused to be examined, the Medical Technical Assistant ("MTA") did not

20  observe any injuries and saw no blood coming from Plaintiff's face or head.  (Id., DUF 21.)

21         Defendants' evidence also shows that the search of Plaintiff's cell recovered a small,

22  white, eye drop bottle.  (Id., DUF 8.)  Plaintiff was medically cleared and rehoused without

23  incident.  (Id., DUFs 9, 10.)  Defendants also present evidence to show that Plaintiff did not

24  complaint to medical personnel of injuries he allegedly sustained in this incident, though he had

25  multiple opportunities to do so.  (Id., DUFs 19, 20.)

26         This evidence is sufficient to meet Defendants' initial burden as the moving party proving

27  the absence of a genuine dispute of material fact, In re Oracle, 627 F.3d at 387 (*citing* Celotex,

28

1   477 U.S. at 323, shifting the burden to Plaintiff to designate specific facts demonstrating the

2   existence of genuine issues for trial, id. (citing Celotex, 477 U.S. at 324).

3          In the 1st AC, Plaintiff alleges that after Defendants Oaks and Silva handcuffed him and

4   took him to the rotunda area, Defendant Oaks knocked Plaintiff against the wall and steel bars of

5   a holding cell causing Plaintiff's face to hit those areas and causing his mouth to bleed.  (Doc. 22,

6   1st AC, ¶ 15.)  Defendant Silva then lifted Plaintiff and slammed him into the wall face first,

7   threw Plaintiff to the ground, got on top of Plaintiff and repeatedly slammed his face into the

8   floor, and that, during these actions by Defendant Silva, Defendant Oaks repeatedly kicked and

9   punched Plaintiff, and that Plaintiff was handcuffed the entire time.  (Id., at ¶¶ 16-18.)  Plaintiff

10  states that he did not provoke the attack, did not and has never attacked either Defendant Oaks or

11  Silva.  (Id., at ¶¶ 22-24.)  Further, Plaintiff submitted a declaration from inmate Charles Parks (#

12  K-72151) who observed Plaintiff being attacked by Defendants Oaks and Silva (id., at pp. 34-35;

13  Doc. 86, PUF, pp. 5-6) and a declaration from inmate Frederick O Clark (E-73520) who

14  observed blood on Plaintiff immediately following the attack (id., at pp. 37-38; Doc. 86, PUF,

15  pp.3-4).

16         This evidence is sufficient to meet Plaintiff's burden of demonstrating the existence of

17  genuine issues of fact for trial.  In re Oracle, 627 F.3d at 387, (citing Celotex, 477 U.S. at 324).

18  Accordingly, Defendants' motion for summary judgment as to Plaintiff's claims against

19  Defendants J.G. Oaks and D. Silva for use of excessive force should be denied.

20         **B.     Eighth Amendment -- Exercise/Cell Confinement**

21         Plaintiff alleges that he was moved to another cell after being beaten by Defendants Oaks

22  and Silva, where Defendants Botello, Rickman, Oliver, and Torres deprived him of all outdoor

23  exercise for two months -- from December 15, 2006, to March 15, 2007.  (Doc. 22, 1st AC, ¶43.)

24         **1.     Legal Standard**

25         "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they

26  'must not involve the wanton and unnecessary infliction of pain.'"  Morgan v. Morgensen, 465

27  F.3d 1041, 1045 (9th Cir. 2006) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct.

28

1  2392 (1981)).  The Eighth Amendment, which protects prisoners from inhumane conditions of

2  confinement, <u>Farmer v. Brennan</u>, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994), is violated when

3  prison officials act with deliberate indifference to a substantial risk of harm to an inmate's health

4  or safety, *e.g.*, <u>Farmer</u>, 511 U.S. at 828; <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1151-52 (9th Cir.

5  2010); <u>Richardson v. Runnels</u>, 594 F.3d 666, 672 (9th Cir. 2010).

6      Two requirements must be met to show an Eighth Amendment violation.  <u>Farmer</u>, 511

7  U.S. at 834.  First, the deprivation must be, objectively, sufficiently serious.  <u>Id.</u>  The objective

8  component is contextual and responsive to contemporary standards of decency.  <u>Hudson</u>, 503

9  U.S. at 8.  Extreme deprivations are required to make out an Eighth Amendment conditions-of-

10  confinement claim.  <u>Hudson</u>, 503 U.S. at 9 (quotation marks and citation omitted).  Because

11  routine discomfort is part of the penalty that criminal offenders pay for their offenses against

12  society, only those deprivations denying the minimal civilized measure of life's necessities are

13  sufficiently grave to form the basis of an Eighth Amendment violation.  <u>Id.</u> (quotation marks and

14  citations omitted).

15      Second, prison officials must have a sufficiently culpable state of mind, which for

16  conditions-of-confinement claims is deliberate indifference.  <u>Farmer</u>, 511 U.S. at 834 (quotation

17  marks omitted).  Prison officials act with deliberate indifference when they know of and

18  disregard an excessive risk to inmate health or safety.  <u>Farmer</u>, 511 U.S. at 837 (quotation marks

19  omitted).  Thus, prison officials may be held liable under the Eighth Amendment for denying

20  humane conditions of confinement only if they know that inmates face a substantial risk of harm

21  and they disregard that risk by failing to take reasonable measures to abate it.  <u>Id.</u> at 847

22  (quotation marks omitted).

23      Inmates have a constitutional right to exercise and the denial of out-of-cell exercise for an

24  extended period of time is sufficiently serious to state a claim under the Eighth Amendment.

25  <u>Thomas</u>, 611 F.3d at 1151-52.  There is no bright line in terms of how many hours of out-of-cell

26  exercise per week satisfy the Constitution.  <u>Noble v. Adams</u>, 646 F.3d 1138, 1139-40 (9th Cir.

27  2011) (no outdoor exercise or other privileges for approximately fifteen months); <u>Hebbe v. Pliler</u>,

28

1    627 F.3d 338, 343-44 (9th Cir. 2010) (inmate permitted out of his cell for only eight hours a

2    week and impermissibly required to choose between exercise and law library access during those

3    hours); Thomas, 611 F.3d at 1151-52 (no out-of-cell exercise for thirteen months); Pierce v.

4    County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (at least two days a week for at least

5    two hours total per week sufficient exercise): LeMaire v. Maass, 12 F.3d 1444, 1457-58 (9th Cir.

6    1993) (no out-of-cell exercise for most of a five-year period); Allen v. Sakai, 48 F.3d 1082, 1087

7    (9th Cir. 1994) (in-cell confinement for almost twenty-four hours a day and forty-five minutes of

8    outside exercise per week for a six-week period); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.

9    1979) (fewer than five hours of exercise per week and no outdoor exercise for some inmates over

10   a period of years).  Short-term, temporary deprivations of exercise without medical effects are

11   not sufficiently serious to support an Eighth Amendment claim, Thomas, 611 F.3d at 1155;

12   Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010); May v. Baldwin, 109 F.3d 557, 565

13   (9th Cir. 1997); Allen, 48 F.3d at 1088, but the deprivation of exercise for a period of six weeks

14   can be serious enough to support a claim, Allen, 48 F.3d at 1088.

15              **2.    Discussion**

16        Defendants submit evidence to show that Plaintiff was on single cell/walk alone status

17   between December 15, 2006, and the end of March 2007.  (Doc. 55, DUF 57.)  Defendants'

18   evidence also shows that, due to Plaintiff's maximum level classification, his out-of-cell exercise

19   in the SHU was limited to the individual walk alone yard, which consisted of isolated exercise

20   areas that were reserved for high risk inmates.  (Id., DUF 56.)

21        Plaintiff did not receive his regularly scheduled exercise on the following dates for the

22   following reasons, which were beyond Defendants' control (id., DUF 73):

23        -- December 16, 2006 --  Plaintiff's cell was searched (id., DUF 58);

24        -- January 2 through January 12, 2007 -- the yard door could not be

25              secured (id., DUF 62);

26        -- January 14, 2007 -- frozen pipes (id., DUF 63);

27        -- January 15 and 19, 2007 -- the yard door could not be secured and the

28

                                        10

1      lights were broken (id., DUF 64);

2      -- January 29, 2007 -- fog (id., DUF 66);

3      -- January 30 through February 16, 2007 -- equipment failure and shutting

4            down the yard (id., DUF 67);

5      -- February 26, 2007 -- exercise modules were down (id., DUF 69); and

6      -- March 10 and 12, 2007 -- TB testing (id., DUF 70).

7      Defendants' evidence also shows that Plaintiff refused opportunity to exercise when

8  offered on the following dates:  December 18 and 20, 2006 (id., DUF 59); from December 22,

9  2006 through January 1, 2007 (id., DUF 61); January 24, 2007 (id., DUF 65); February 19, 2007

10 (id., DUF 68); and from March 13, 2007 through the end of the month of March 2007 (id., DUFs

11 70, 71), but that Plaintiff received an hour of exercise on December 19, 2006 and one hour of

12 exercise on December 21, 2006 (id., DUF 60).  All in all, Plaintiff refused approximately 30% of

13 his exercise opportunities between December 16, 2006 and the end of March 2007.  (Id., DUF

14 72.)

15     This evidence is sufficient to meet Defendants' initial burden as the moving party proving

16 the absence of a genuine dispute of material fact, In re Oracle, 627 F.3d at 387 (citing Celotex,

17 477 U.S. at 323, shifting the burden to Plaintiff to designate specific facts demonstrating the

18 existence of genuine issues for trial, id. (citing Celotex, 477 U.S. at 324).

19     In the 1st AC, Plaintiff alleges that Defendants intentionally deprived him of outdoor

20 exercise yard time from December 15, 2006 through March 2007.  (Doc. 22, 1st AC, pp. 7-9.)

21 Therein, Plaintiff also states that he did not refuse outdoor exercise.  (Id.)

22     This evidence is sufficient to meet Plaintiff's burden of demonstrating the existence of a

23 genuine issue of fact for trial as to whether Plaintiff refused exercise time when it was offered to

24 him.  In re Oracle, 627 F.3d at 387, (citing Celotex, 477 U.S. at 324).  Accordingly, Defendants'

25 motion for summary judgment as to Plaintiff's claims against Defendants R. Botello, M.

26 Rickman, F. Oliver, G. Torres, and T. Cano for denial of exercise in violation of the Eighth

27 Amendment should be denied.

28

1      **C.      Fourteenth Amendment -- Equal Protection**

2      In considering this motion, the Court reviewed this case's entire docket and noted

3  Plaintiff's repeated attempts to obtain discovery and his statements that additional discovery is

4  necessary for him to adequately oppose the pending motion for summary judgment.  While

5  Plaintiff submitted evidence sufficient to defeat Defendants' motion for summary judgment on

6  his excessive force and exercise claims under the Eighth Amendment, his evidence is does not

7  appear sufficient for him to address the motion as to his claim under the Equal Protection Clause.

8      Thus, it appears most appropriate to reserve the ruling on Defendants' motion for

9  summary judgment on Plaintiff's Equal Protection claim, reopen discovery, rule on Plaintiff's

10  motion(s) to compel and request(s) for subponea duces tecum, allow time for Plaintiff to file a

11  new opposition to Defendants' motion for summary judgment solely as to Plaintiff's Equal

12  Protection claim and for Defendants to reply to any such new opposition, and then once again

13  take Defendants' motion for summary judgment, solely on Plaintiff's Equal Protection claim,

14  under submission for ruling.

15  **VIII.   Conclusions and Recommendations**

16      Accordingly, Defendants' motion for summary judgment as to Plaintiff's claims under the

17  Eighth Amendment against Defendants J.G. Oaks and D. Silva for use of excessive force and

18  against Defendants R. Botello, M. Rickman, F. Oliver, G. Torres, and T. Cano for denial of

19  exercise should be denied with prejudice.  Since discovery should be reopened, the ruling on

20  Defendants' motion for summary judgment on Plaintiff's claim under the Equal Protection

21  Clause should be reserved until discovery is completed and Plaintiff has opportunity to file a new

22  opposition solely on his Equal Protection claim and Defendants have opportunity to file a reply.

23      As set forth herein, the Court HEREBY RECOMMENDS:

24      (1)     that Defendants' motion for summary judgment, filed June 21, 2011 (Doc. 54), as

25              to Plaintiff's claims under the Eighth Amendment against Defendants J.G. Oaks

26              and D. Silva for use of excessive force should be DENIED with prejudice:

27      (2)     that Defendants' motion for summary judgment, filed June 21, 2011 (Doc. 54), as

28

1    to Plaintiff's claims under the Eighth Amendment against Defendants R. Botello,

2    M. Rickman, F. Oliver, G. Torres, and T. Cano for denial of exercise should be

3    DENIED with prejudice: and

4    (3)    the ruling on Defendant's motion for summary judgment as to Plaintiff's claims

5           under the Equal Protection Clause should be RESERVED until further discovery

6           is conducted and a new opposition and reply are filed on that claim.

7    These Findings and Recommendations will be submitted to the United States District

8    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **ten**

9    **(10) days** after being served with these Findings and Recommendations, the parties may file

10   written objections with the Court.  The document should be captioned "Objections to Magistrate

11   Judge's Findings and Recommendations."  The parties are advised that failure to file objections

12   within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*

13   *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14   IT IS SO ORDERED.

15   Dated:   March 19, 2012

16                                             UNITED STATES MAGISTRATE JUDGE