# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. HANEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ADAMS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01104-AWI-SMS (PC)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO APPOINT COUNSEL<br><br>(Doc. 111) |

　　　　Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 5, 2007 and is proceeding on Plaintiff's first amended complaint filed on July 16, 2008, for: 1) excessive force on December 14, 2006, in violation of the Eighth Amendment by Defendants J.G. Oaks and D. Silva; 2) deprivation of outdoor exercise from December 15, 2006 to March 15, 2007, in violation of the Eighth Amendment by Defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano; and 3) deprivation of outdoor exercise of African-American inmates in violation of the Fourteenth Amendment equal protection clause by Defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano. (Doc. 1, Orig. C.O; Doc. 22, 1st A.C.; Doc. 28, Screen O.; Doc. 30, Plntf Notice; Doc. 32, O Service.)

　　　　On November 21, 2012, Plaintiff filed a motion to appoint counsel. (Doc. 111.)

　　　　Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C.

1

§ 1915(e)(1), but will do so only if exceptional circumstances exist.  <u>Palmer</u>, 560 F.3d at 970; <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  <u>Palmer</u>, 560 F.3d at 970 (citation and quotation marks omitted); <u>Wilborn</u>, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  <u>Palmer</u>, 560 F.3d at 970 (citation and quotation marks omitted); <u>Wilborn</u> 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Therefore, Plaintiff's request for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   November 26, 2012**                    /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE