# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L HANEY, | CASE NO. 1:07-cv-01104-AWI-SMS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR A COURT ORDER TO USE THE LAW LIBRARY |
| v. | |
| ADAMS, et al., | (Doc. 110) |
| Defendants. | |

Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 5, 2007 and is proceeding on the First Amended Complaint, filed on July 16, 2008, for: (1) excessive force on December 14, 2006, in violation of the Eighth Amendment by Defendants J.G. Oaks and D. Silva; (2) deprivation of outdoor exercise from December 15, 2006 to March 15, 2007, in violation of the Eighth Amendment by Defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano; and (3) deprivation of outdoor exercise of African-American inmates in violation of the Fourteenth Amendment equal protection clause by Defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano.  (Doc. 1, Orig. C.O; Doc. 22, 1st A.C.; Doc. 28, Screen O.; Doc. 30, Plntf Notice; Doc. 32, O Service.)

On November 9, 2012, Plaintiff filed an ex parte request seeking a court order to use the law library.  (Doc. 110.)

The court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are

1

1  needed to preserve internal order and discipline and to maintain institutional security." <u>Whitley
2  v. Albers</u>, 475 U.S. 312, 321-322 (1986) (*quoting* <u>Bell v. Wolfish</u>, 441 U.S. 520, 547 (1970).
3  Further, inmates do not have the right to a law library or legal assistance.  <u>Lewis v. Casey</u>, 518
4  U.S. 343, 351 (1996).

5       Accordingly, the Court shall defer to the prison's policies and practices in granting access
6  to the law library and will not issue an order that Plaintiff be provided access to the law library
7  beyond the usual policies and practices of the facility.  Plaintiff has alternative measures to take
8  if he feels that the conditions he is being subjected to violate his civil rights.  Finally, Plaintiff is
9  not prohibited from requesting extensions of time if he feels unable to meet any pending deadline
10 in this action.

11      Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for a court
12 order directing the prison to allow him access to the law library is DENIED.

13
14 IT IS SO ORDERED.
15 **Dated:   November 27, 2012**           **/s/ Sandra M. Snyder**
                                           UNITED STATES MAGISTRATE JUDGE