# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. HANEY,<br><br>            Plaintiff,<br><br>     v.<br><br>ADAMS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-01104-AWI-SMS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 93)<br><br>THIRTY- DAY OBJECTION DEADLINE |

    Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 5, 2007 and is proceeding on the First Amended Complaint, filed on July 16, 2008, for:  (1) excessive force on December 14, 2006, in violation of the Eighth Amendment by Defendants J.G. Oaks and D. Silva; (2) deprivation of outdoor exercise from December 15, 2006 to March 15, 2007, in violation of the Eighth Amendment by Defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano; and (3) deprivation of outdoor exercise of African-American inmates in violation of the Fourteenth Amendment Equal Protection Clause by Defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano.  (Doc. 1, Orig. C.O; Doc. 22, 1st A.C.; Doc. 28, Screen O.; Doc. 30, Plntf Notice; Doc. 32, O Service.)

    On April 4, 2012, Plaintiff filed a motion for preliminary injunction and temporary restraining order seeking: (1) to have his motion for summary judgment that he gave to prison officials for mailing to this Court on January 11, 2012 filed in this case; (2) to require CSP-

1  Sacramento Warden Tim Virga to give Plaintiff "physical access to the law library;" (3) to
2  prohibit CSP-Sacramento prison officials from confiscating any of Plaintiff's legal documents
3  that he sends to the Court; (4) to compel "CSP-Sacramento Warden Tim Virga to provide
4  Plaintiff with regular physical access to the court;" and (5) any "further relief that prohibits CSP-
5  Sacramento C-facility staff from any further confiscation of Plaintiff's legal documents."

6      Plaintiff's motion must be denied both because the motion for summary judgment that
7  Plaintiff gave to prison officials for mailing to this Court on January 11, 2012 (Doc. 97) has been
8  received and filed which renders Plaintiff's first request is moot and the Court lacks jurisdiction
9  as to Plaintiff's remaining claims.

10     The Court's jurisdiction in this action is limited to the legal claims and current parties to
11 this action. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United
12 States, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff may not, via this action, seek orders directed
13 at remedying his current, unrelated conditions of confinement. Summers, 555 U.S. at 493;
14 Mayfield, 599 F.3d at 969. Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's
15 motion (Doc. 93) be denied, with prejudice.

16     These Findings and Recommendations will be submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
18 **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file
19 written objections with the Court. The document should be captioned "Objections to Magistrate
20 Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections
21 within the specified time may waive the right to appeal the District Court's order. Martinez v.
22 Ylst, 951 F.2d 1153 (9th Cir. 1991).

25 IT IS SO ORDERED.

26 **Dated:   December 6, 2012**              /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE