# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. HANEY,<br><br>            Plaintiff,<br><br>     v.<br><br>ADAMS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-01104-AWI-SMS (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE and STRIKING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AS UNTIMELY<br>(Docs. 97, 102)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE A RESPONSE TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT and STRIKING PLAINTIFF'S RESPONSE<br>(Docs. 106, 107)<br><br>ORDER STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS UNTIMELY<br>(Doc. 90) |

Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 5, 2007 and is proceeding on the First Amended Complaint filed on July 16, 2008, for:  (1) excessive force on December 14, 2006, in violation of the Eighth Amendment by Defendants J.G. Oaks and D. Silva; (2) deprivation of outdoor exercise from December 15, 2006 to March 15, 2007, in violation of the Eighth Amendment by Defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano; and (3) deprivation of outdoor exercise of African-American inmates in violation of the Fourteenth Amendment Equal Protection Clause by Defendants R. Botello, M.

Rickman, F. Oliver, G. Torres, T. Cano. (Doc. 1, Orig. C.O; Doc. 22, 1st A.C.; Doc. 28, Screen O.; Doc. 30, Plntf Notice; Doc. 32, O Service.)

Defendants filed a motion to strike Plaintiff's cross-motion for summary judgment as untimely. (Doc. 102.) Plaintiff filed an opposition to which Defendants filed a reply. (Docs. 104, 105.) Plaintiff subsequently filed a motion for leave to file a response and a response to Defendants' reply to which Defendants have not responded. (Docs. 106, 107.) Both of the above motions are deemed submitted. L.R. 230(l).

On August 19, 2010, the Court issued a discovery and scheduling order setting the deadline to file dispositive motions on June 30, 2011. (Doc. 36.)

Plaintiff has filed three untimely motions for summary judgment. (Docs. 63, 90, 97.) Plaintiff filed his first motion for summary judgment in July of 2011 -- two months after the dispositive motion deadline -- which was previously stricken as untimely. (Docs. 63, 75.) On December 1, 2011, Plaintiff filed a motion to amend the discovery and scheduling order which was denied as untimely. (Docs. 76, 80.) Despite this denial, Plaintiff filed another motion for summary judgment in March of 2012.[1] (Doc. 90.) Plaintiff also filed a cross-motion for summary judgment[2] (Doc. 97), which is the subject of Defendants' motion to strike (Doc. 102).

The discovery and scheduling order has not been amended or modified. June 30, 2011 was the deadline for filing dispositive motions. Thus, since Plaintiff's second motion for summary judgment (Doc. 90) and his cross-motion for summary judgment (Doc. 97) were not filed until 2012, they are both untimely.

Finally, Plaintiff does not have a right to file a surreply under the Local Rules or the Federal Rules of Civil Procedure. Plaintiff's motion for leave to file what amounts to a surreply

---

[1] Plaintiff signed the proof of service for his second motion for summary judgment on March 18, 2012 and it was filed on the Court's docket on March 20, 2012. (Doc. 90.)

[2] Defendants argue that Plaintiff's cross-motion for summary judgment was filed on April 13, 2012. (Doc. 102-2, p. 1.) Plaintiff argues that he filed it on January 11, 2012. (Doc. 104, p.2.) While Plaintiff's third motion for summary judgment was filed on the Court's docket on April 13, 2012, Plaintiff signed his proof of service for that motion on January 11, 2012. (Doc. 97.) The date that Plaintiff signed his proof of service for handing his motion to prison authorities for mailing prevails. Caldwell v. Amend, 30 F.3d 1199, 1202 (9th Cir. 1994); Houston v. Lack, 487 U.S. 266, 270 (1988). However, in this instance the distinction is diminutive since both dates were months beyond the dispositive motion filing deadline of June 30, 2011.

states that "on May 17, 2012 Defendants filed a reply to Plaintiff's opposition to Defendants['] motion to strike Plaintiff's cross-motion for summary judgment.  for [sic] these reasons Plaintiff request[s] leave of the court to file a responce [sic]." (Doc. 106.)  A mere desire to file a response to a defense reply is insufficient to justify deviation from normal motion practice.

     Accordingly, Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Strike Plaintiff's Cross-Motion for Summary Judgment, filed May 7, 2012 (Doc. 102), is GRANTED;

2. Plaintiff's Cross-Motion for Summary Judgment (Doc. 97) is STRICKEN as untimely;

3. Plaintiff's second motion for summary judgment (Doc. 90) is also STRICKEN as untimely;

4. Plaintiff's motion (Doc. 106) to file a response to Defendants' reply to Plaintiff's opposition to Defendants' motion to strike Plaintiff's cross-motion for summary judgment is DENIED; and

5. Plaintiff's response (Doc. 107) to Defendants' reply to Plaintiff's opposition to Defendants' motion to strike Plaintiff's cross-motion for summary judgment is STRICKEN.

IT IS SO ORDERED.

**Dated:   December 6, 2012**          /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE