# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. HANEY, | 1:07-cv-01104-AWI-SMS (PC) |
| Plaintiff, | ORDER REOPENING LIMITED DISCOVERY AND REQUIRING PARTIES TO MEET AND CONFER |
| vs. | |
| DERRAL ADAMS, et al., | SIXTY (60) DAY DEADLINE |
| Defendants. | |

## I.   Introduction

Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 5, 2007 and is proceeding on the First Amended Complaint filed on July 16, 2008, for: (1) excessive force on December 14, 2006, in violation of the Eighth Amendment by Defendants J.G. Oaks and D. Silva; (2) deprivation of outdoor exercise from December 15, 2006 to March 15, 2007, in violation of the Eighth Amendment by Defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano; and (3) deprivation of outdoor exercise of African-American inmates in violation of the Fourteenth Amendment Equal Protection Clause by Defendants R. Botello, M. Rickman, F. Oliver, G. Torres, T. Cano. (Doc. 1, Orig. C.O; Doc. 22, 1st A.C.; Doc. 28, Screen O.; Doc. 30, Plntf Notice; Doc. 32, O Service.)

On June 21, 2011, Defendants filed a motion for summary judgment which was denied as to Plaintiff's claims of excessive force and denial of exercise under the Eighth Amendment and on which ruling was reserved as to Plaintiff's claims under the Equal Protection Clause

1  pending reopening discovery to resolve Plaintiff's discovery disputes. (Docs. 54, 89, 115.)

2  **II.     Discussion**

3  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

If the propounding party receives responses to discovery that are insufficient, he or she may move to compel further responses. Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D.Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

The Court is vested with broad discretion to manage discovery. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Survivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

In this instance, in considering Defendants' motion for summary judgment, this case's entire docket was reviewed and Plaintiff's repeated attempts to obtain discovery along with his statements that additional discovery was required for him to file an adequate opposition were noted. The Findings and Recommendation (Doc. 89), which was adopted in full (Doc. 115), reserved ruling on Defendants' motion for summary judgment as to Plaintiff's Equal Protection claim to allow Plaintiff to obtain the discovery responses upon which he previously filed

motions to compel and requested issuance of subponea duces tecum. Subsequent to resolution of Plaintiff's discovery disputes, he will be allowed to file a new opposition to Defendants' motion for summary judgment solely regarding his Equal Protection claim, to which Defendants may then reply.

The Court appreciates that Plaintiff's discovery disputes are not restricted to defending/pursuing his claim under the Equal Protection Clause. While Plaintiff was able to defeat Defendants' motion for summary judgment on his claims of excessive force and restriction of exercise, this was only a fortuitous happenstance for Plaintiff and not a result of Defendants' furnishing full responses to Plaintiff's applicable discovery requests.

Accordingly, some leave beyond the discovery deadline is warranted so that all of Plaintiff's discovery concerns may be adequately addressed and resolved prior to final ruling on Defendants' motion for summary judgment and subsequent trial. The parties' assistance and cooperation is required.

To that end, the parties are ordered to meet and confer (either by telephone or in person at defense counsel's option) in an attempt to resolve the discovery disputes without court intervention. If Defendants' counsel chooses to meet with Plaintiff via telephone, he/she shall arrange for the telephone conference. Both parties are to engage in their best behavior and are expected to act in good faith. Defendants are to make every reasonable effort to understand and provide information that Plaintiff is seeking without jeopardizing the safety and security of inmates and/or prison personnel. Plaintiff may not request discovery beyond that which he propounded prior to April 19, 2011.

In part, the Court is concerned about non-production of relevant documents by Defendants on the ground that documents are equally available to Plaintiff and/or that Defendants are not required to incur photocopy costs. Whether documents are equally available to Plaintiff is not necessarily a sustainable objection or response to discovery. In cases such as this, cost shifting may be ordered if it is determined that the documents are subject to

/ / /

/ /

production and Plaintiff has no ability to obtain the copies due to indigency.[1]  *E.g.*, Ransom v. Johnson, No. 05-cv-00086-OWW-GSA PC, 2010 WL 503128, at *1 (E.D.Cal. Feb. 8, 2010); Thomas v. Hickman, 06-cv-00215-AWI-SMS PC, No. 2007 WL 4302974, at * 19 (E.D. Cal. Dec. 6, 2007).

There is also a concern that Defendants have not produced documents that are not maintained in their personal possession.  In responding to discovery requests, Defendants must produce documents which are in their "possession, custody or control."  Fed. R. Civ. P. 34(a). Actual possession, custody, or control is not required, however.  "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.  Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D. Cal. 1995).  As this Court explained in Allen v. Woodford, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> The determination of control is often fact specific.  Central to each case is the relationship between the party and the person or entity having actual possession of the document.  The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them.  This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

The specific facts of this action render any objection that Defendants are not in possession, custody or control of requested documents unfounded.  By virtue of their employment with non-party CDCR, individual Defendants are represented by the Attorney General's Office.  It is this Court's experience that either individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as those at issue here, from CDCR by requesting them.  This being the case, based on their relationship with CDCR, they have constructive control over the requested documents and the documents must be produced.  *See, eg.*, Mitchell v. Adams, 2009 U.S. Dist. LEXIS 24289, * 24-25, 2009

---

[1] Resolution of this issue will be dependent upon a finding regarding the availability to Plaintiff and his ability to obtain copies.

WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); *see also* Gray v. Faulkner, 148 F.R.D. 220, 223-224 (N.D. Ind.1992) (requiring certification that responding party "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.")

If Defendants choose to stand on this objection, and Plaintiff files a subsequent motion to compel, they will be required to provide factual support for the assertion that, in spite of their relationship to CDCR, they do not have possession, custody or control of the requested documents. Defendants should also be mindful of the fact that they will be precluded from using the requested documents, or any similar documents, as evidence in support of summary judgment, in opposition to any of Plaintiff's positions, and in any way during trial. Fed. R. Civ. P. 37(c)(1). Further, if Defendants subsequently seek to use the requested or similar documents, they must, at minimum, supplement their responses, and explain the method by which the documents were obtained. Most importantly, they will also be required to demonstrate that the prior objection was taken in good faith given the basis upon which they subsequently obtained and seek to use the requested documents. Fed. R. Civ. P. 26(e)(1).

Further, documentation of similar claims against Defendants made by other inmates is relevant and discoverable as are reports related to the investigation of the events in issue in this action. The parties may request in camera review of documents where the extent of privileges and/or confidential information cannot be agreed on and/or redacted.

The Court also expects that the parties will clarify any questions and/or perceived vagueness/ambiguity as to documents and/or responses being sought betwixt themselves and that responsive documents and/or responses will be produced unless doing so might jeopardize the safety and security of those within the CDCR rubric. Defense counsel is reminded that the Court is not enamored of hyper-technical or constricted reading of a pro se inmate's discovery requests and expects clarification as to Plaintiff's requests to be resolved amongst the parties.

Likewise, Plaintiff is reminded that he is limited to seeking further responses to discovery that he propounded on Defendants prior to April 19, 2011 and that he is not entitled to information that might jeopardize the safety and security of inmates and/or prison personnel.

The meeting between the parties is to take place within sixty (60) days of the date this order issues. If the parties are unable to resolve all of their discovery disputes, no more than sixty (60) days thereafter (i.e. within one hundred twenty (120) days from the date of service of this order), Plaintiff may file a motion to compel further responses – limited to disputes that the parties were unable to resolve and/or to responses which Defendants agree in the meet and confer process to produce, but fail to timely provide. If Plaintiff does not file a motion to compel within one hundred twenty (120) days from the date of service of this order, a deadline will subsequently be set for him to file a new opposition to Defendants' motion for summary judgment solely as to Plaintiff's Equal Protection claim to which Defendants will be allowed to reply.

### III. Order

For the reasons set forth herein, it is ORDERED that:

1. discovery is reopened in this case limited solely to allowing Plaintiff to obtain further responses to discovery that he propounded on Defendants prior to April 19, 2011;
2. within sixty (60) days from the date of service of this order, the parties shall meet and confer in an attempt to resolve Plaintiff's discovery disputes; and
3. the parties have one hundred twenty (120) days from the date of service of this order within which to request in camera review of specific documents and/or for Plaintiff to file a motion to compel as discussed herein if necessary.

IT IS SO ORDERED.

Dated:   December 6, 2012             /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE