# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. HANEY,<br><br>           Plaintiff,<br><br>    v.<br><br>ADAMS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:07-cv-01104-AWI-SMS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO HOLD DEFENSE COUNSEL IN CONTEMPT and STAYING ACTION PENDING COMPLETION OF SETTLEMENT CONFERENCE BEFORE JUDGE KELLISON<br><br>(Docs. 113, 123, 125) |

      Plaintiff Monte Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 5, 2007 and is proceeding on the First Amended Complaint filed on July 16, 2008.

      On November 27, 2012, an order issued requiring the parties in this action to notify the court within thirty (30) days whether a settlement conference would be beneficial.  (Doc. 113.) Plaintiff complied in a timely fashion.  (Doc. 116.)  When defendants did not respond, Plaintiff filed a motion to hold defense counsel in contempt for failure to comply with a court order. (Doc. 123.)  Shortly thereafter, Defendants filed a notice that they are amenable to settlement conference.  (Doc. 125.)

      In his motion to hold defense counsel in contempt, Plaintiff relies on Federal Rules of Civil Procedure 65(d)(2)(B) and 70(e) -- neither of which are applicable here.  (Doc. 123.)  Rule 65(d)(2)(B) binds attorneys who represent parties against whom an injunction or restraining order has issued.  Rule 70(e) allows for a disobedient party to be held in contempt for failing to convey

1

1  land, deliver a deed, or perform a specific act as required by a judgment.

2  "Civil contempt is designed to force the contemnor to comply with an order of the court, .

3  . . " Cunningham v. Hamilton County, Ohio, 27 U.S. 198, 207–08 (1999).  In this instance,

4  Defense counsel, while slightly tardy, did ultimately comply with the court's order by filing the

5  notice of amenability.  Also, since the case is now set for a settlement conference in front of

6  Judge Kellison next month, Plaintiff has not been harmed by this delay.

7  Further, since both sides to this action have indicated they are amenable, it is proper to

8  stay this action pending completion of the settlement conference.[1]

9  Accordingly, Plaintiff's motion seeking that defense counsel be held in contempt, filed

10 January 7, 2013 (Doc. 123),  is HEREBY DENIED and**, this case is HEREBY ORDERED**

11 **STAYED in its entirety pending completion of a settlement conference before Judge**

12 **Kellison.**

19        IT IS SO ORDERED.

20 **Dated:   January 15, 2013**                    /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] It is noted that Plaintiff has filed a motion to compel further responses to discovery he has propounded.  If the case is not resolved at the settlement conference a time-line will be set by subsequent order for Defendants to file an opposition to which Plaintiff may reply.